IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

1) **MARIA MERCEDES PADILLA**,
    *Plaintiff,*

vs.

1) **COMPLETE FACILITY SERVICES, LLC,**
    *Defendant.*

Case No.: **18-CV-65-JED-FHM**

# COMPLAINT

COMES NOW the Plaintiff, MARIA MERCEDES PADILLA, by and through her attorney of record, Robert J. Wagner and Jon J. Gores of WAGNER & WAGNER, P.C., and for her cause of action against the Defendant alleges and states as follows:

## PARTIES

1. Plaintiff, MARIA MERCEDES PADILLA (hereinafter "Plaintiff"), is a resident of Tulsa, Tulsa County, State of Oklahoma.

2. Plaintiff's national origin is from the country of Mexico.

3. Defendant, COMPLETE FACILITY SERVICES, LLC (hereinafter "Defendant"), is upon information and belief a business established and incorporated in the State of Oklahoma with its registered service agent in Broken Arrow, Oklahoma.

4. Defendant manages and operates various janitorial and maintenance jobs in the Tulsa area.

5. Plaintiff worked for Defendant as a Housekeeping Associate in Tulsa, Oklahoma from March 11, 2008 through August 21, 2017 when she was terminated.

6. In all weeks of the calendar years of Plaintiff's employment, Defendant had over one (100) hundred employees.

## JURISDICTION AND VENUE

7. Pursuant to LCvR3.1 this action is not related to any previously filed case(s) in this Court.

8. This is a cause of action for discrimination based on national origin (Mexico) in violation of Title VII of the Civil Rights Act of 1964, as amended; violation of the Oklahoma Anti-Discrimination Act (Title 25 O.S. §1101, et seq.) only to the extent it is NOT duplicative; retaliation for engaging in a protected activity in violation of Title VII of the Civil Rights Act of 1964, as amended including §704(a) and violation of the Fair Labor Standards Act (FLSA).

9. Jurisdiction over the federal claims is vested pursuant to 29 U.S.C. §626(c), 42 U.S.C. §12117(a), 29 U.S.C. §2617(a)(2) and 28 U.S.C. §1331.  The state law claims arise out of the same core of facts and jurisdiction over those claims is provided by 29 U.S.C. §1367(b).

10. All of the actions complained of occurred in Tulsa County, Oklahoma, and Defendant may be served in that county, which is within the geographic limits of the United States District Court for the Northern District of Oklahoma, wherefore venue is proper in this court under 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b).

11. Plaintiff has complied with the administrative prerequisites of filing a charge of discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC") against Defendant in Charge No. (564-2018-00082) which is attached hereto as ("Exhibit-1").

12. The "Notice of Suit Rights" for her Charge was and mailed to both Plaintiff and Defendant on or about the 8th day of November 2017.

13. Plaintiff first received a copy of the "Notice of Suit Rights" or "Right to Sue

Letter" on or about the 9th day of November 2017.  A copy of each of the "Notice" is attached hereto as ("Exhibit-2").

14. The Ninety (90) day period within which Plaintiff must file an action, pursuant to the "Notice of Suit Rights" expires on or after the 7th day of February 2018.

## STATEMENT OF FACTS

15. Plaintiff was hired by Defendant on or about the 11th day of March 2008 to work as a Housekeeping Associate in the Tulsa area.

16. Plaintiff began her employment with Defendant assigned to the Shadow Mountain Riverside location.

17. During the last five (5) years of Plaintiff's employment with Defendant, she worked at the Shadow Mountain Sheridan location.

18. As a Housekeeping Associate, Plaintiff's duties included, but were not limited to, cleaning an entire assigned area at the location with two (2) other co-workers.

19. The locations consisted of bedrooms, bathrooms, dining rooms, conference rooms, offices, etc.

20. Plaintiff worked many hours when she started her employment working approximately 80 hours per week which consisted of working 14-hour days on Monday through Friday (70 hours) and 5 hour days each on Saturday and Sunday (10 hours).

21. Plaintiff was not and has not ever been paid overtime for the hours she worked in excess of forty hours per week.

22. Plaintiff performed her job at all times in a satisfactory manner.

23. In March 2015 Plaintiff was assigned a new direct supervisor named Karen King (hereinafter "Ms. King").

24. Ms. King immediately began to harass and deny Plaintiff the terms and

conditions of employment she provided to other employees similarly situated as Plaintiff.

25. The different terms and conditions of employment were as follows:

    a. Plaintiff had to supply her own cleaning supplies while other employees did not

    b. Plaintiff's co-workers missed a lot of work frequently and her boss made Plaintiff make up the co-workers work without any additional assistance and no additional pay while co-workers would still receive full and complete check.

    c. The co-workers who frequently missed work would then take extra hours away from Plaintiff to be allowed to make up their missed hours.

    d. Employer would not check timecards of the other employees for their absences.

    e. The person responsible for vacuuming or other special assignments was specifically told not to clean Plaintiff's area for the intention of discriminating against Plaintiff, and other co-workers areas were cleaned in this manner.

26. Caucasian employees were not subjected to these terms and conditions of employment.

27. Plaintiff complained of the differential treatment, and her pay was reduced and a few of the essential tasks from her work responsibilities.

28. Plaintiff's hours were reduced from 80 hours per week to 60 hours per week.

29. Plaintiff still worked over forty (40) hours per week without receiving any overtime compensation.

30. Plaintiff continued to work for Defendant and the atmosphere became increasing hostile.

31. In August 2017 Plaintiff's hours were reduced again to forty (40) hours per week.

32. Shortly after reducing Plaintiff's hours, Ms. King complained about Plaintiff not completing the tasks she previously completed with the hours she previously had.

33. Plaintiff was being asked to complete the same tasks she did previously with less time to perform the tasks.

34. Plaintiff complained to Ms. King and to the owner Billy Eddy, Jr. that she felt that she was being taking advantage of and being discriminated against.

35. In response, Ms. King reduced Plaintiff's hours to four (4) hours per day.

36. Following the reduction of Plaintiff's hours, Plaintiff was notified on August 21, 2017 that her employment was terminated for missing a meeting.

37. Plaintiff was not notified of the meeting, but the meeting was scheduled when Plaintiff at a different location from her jobsite when she could not attend.

38. Defendant was aware that Plaintiff could not attend the meeting because they knew Plaintiff's work schedule as they had created it.

39. As a result of Plaintiff missing the meeting she was terminated with no prior warnings or attendance issues.

40. Defendant had a duty to ensure the workplace to which its employees were subcontracted were free of unlawful discriminatory employment practices.

41. As a result of the discharge, Plaintiff has been caused embarrassment, humiliation, mental pain, anguish and lost wages. Plaintiff claims damages in excess of ten thousand dollars ($10,000.00).

42. Plaintiff was retaliated against for opposing discrimination on the basis of her National Origin by complaining to the owner.

43. Plaintiff has exhausted her administrative remedies by timely filing a charge

of discrimination with the EEOC, raising the issues of discrimination based on National Origin and Retaliation. (*See* Exhibit-1)

44. Plaintiff was issued a "Right to Sue" letter on the 9th day of November 2017. (*See* Exhibit-2)

45. The EEOC has a work share agreement with the Oklahoma Attorney General's Office of Civil Rights Enforcement ("OCRE") such that filing with the EEOC satisfies any requirements under the Oklahoma Anti-Discrimination Act.

46. Plaintiff's Notice of Suit Rights as noted above was issued on or about the 8th day of November, 2017 and received on or after that date, such that this action is timely filed within ninety (90) days of her receipt of the Right to Sue letter.

## CAUSE OF ACTION

### *COUNT I*

**Violation of Title VII of the Civil Rights Act of 1964, as Amended**

Plaintiff incorporates all prior allegations and further alleges that:

47. Plaintiff is a resident of Tulsa, Oklahoma in the United States who is from Mexico.

48. Plaintiff belongs to a protected class (Mexican).

49. Plaintiff was discriminated against in the terms and conditions of her employment, being given less favorable assignments, having to do harder work with less time to perform the tasks from other non-Mexican employees for equal or less pay.

50. Plaintiff was constantly taken advantage of by her supervisor.

51. To the extent that Defendant may allege other reasons for discrimination of Plaintiff either through terms and conditions of employment or in connection with her being terminated that were non-discriminatory, any such allegation should be considered

evidence of pretext which along with failure to establish and follow policies to prevent discrimination should be viewed as evidence of intentional discrimination.

52. Being treated different and less favorably on the basis of national origin is discrimination.

53. The Defendant's conduct toward Plaintiff, as alleged above, has caused the Plaintiff to suffer humiliation, embarrassment, degradation and emotional distress.

54. As a result of the intentional acts complained of herein, Plaintiff has suffered and will continue to suffer the loss of career potential that she had with Defendant, and the loss of wages, benefits and other compensation that such employment entails.

55. Plaintiff has suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

56. Plaintiff seeks declaratory judgment that Defendant violated Title VII and award all damages authorized thereunder.

## *COUNT II*

### Oklahoma Anti-Discrimination Act

Plaintiff incorporates all prior allegations and further alleges that:

57. Plaintiff in addition to the violations under Title VII alleges discrimination and seeks damages for violations of the Oklahoma Anti-Discrimination Act ("OADA"), but only to the extent state law is NOT a duplication of the relevant Federal law or remedies for national origin discrimination under the OADA.

58. Defendant's failure to properly hire, train, supervise or discipline its employees and management for discrimination constitutes negligence.

59. The negligence included failure to follow the policies of assigning individuals to different job positions in their employment with Defendant, and training to

7

understand employee's status as lawful permanent residents.

60. As a result of the negligence to properly hire, train, supervise or discipline those charged with carrying on the company's business, Plaintiff was subjected to discrimination on basis of national origin by managers who wished to have non-Mexican employees.

61. As a result of the discrimination, Plaintiff has been caused embarrassment, humiliation, mental pain and anguish and lost wages. Plaintiff claims damages in excess of ten thousand dollars ($10,000.00).

### *COUNT III*

**Retaliation for Engaging in a Protected Activity in Violation of
Title VII of the Civil Rights Act of 1964, as Amended, including**

62. Plaintiff in addition to the violations under Title VII alleges discrimination and violation of the Oklahoma Anti-Discrimination Act (OADA) for discrimination and hostile work environment on the basis of national origin seeks damages for retaliation for engaging in a protected activity, in violation of Title VII of the Civil Rights Act of 1964, as Amended, including § 704(a).

63. Plaintiff was terminated from her employment with Defendant on August 21, 2017 because Plaintiff complained of being taken advantage of being treated differently than other co-workers who were non-Hispanic.

64. In response Plaintiff's hours were reduced.

65. Shortly after her reduction in hours Plaintiff was told she was terminated for missing a meeting that she was scheduled to take place at a location in which she was scheduled to work at a location away from the meeting making impossible for her to attend.

66. Defendant was aware of Plaintiff working at an alternate job location on

that date, and Plaintiff believes the meeting was the meeting was intentionally held at a different location during her work hours.

67. Plaintiff believes this is in response to opposing discrimination by making her complaints of the differential treatment.

68. Plaintiff is a member of a protected class being Mexican.

69. Plaintiff engaged in a protected activity under § 704(a) of the Civil Rights Act of 1964, as Amended when she reported the discrimination to the owner.

70. Plaintiff in response was subjected to a hostile work environment, subjected to unequal terms and conditions of employment than other employees who had not engaged in a protected activity, and she was ultimately terminated from her employment.

71. As a result, Plaintiff was retaliated for engaging in a protected activity.

72. Plaintiff has been caused embarrassment, humiliation, mental pain and anguish and lost wages. Plaintiff claims damages in excess of ten thousand dollars ($10,000.00).

### COUNT IV

**Violation of the Fair Labor Standards Act**

Plaintiff incorporates all prior allegations and further alleges that:

73. Plaintiff on multiple occasions worked over eight (8) continuous hours without being paid overtime and without other compliance with state law and/or the Fair Labor Standards Act (FLSA).

74. Plaintiff has never received any overtime compensation through her employment despite working numerous overtime hours.

75. Plaintiff demands to be compensated for her overtime hours as a result of the violation.

WHEREFORE, Plaintiff, MARIA MERCEDES PADILLA, prays that she be awarded judgment against the Defendant and all relief as may be appropriate, including, but not limited to actual damages, including lost wages, liquidated damages and front pay, and other benefits from working, non-economic damages, punitive damages, where authorized by law, pre and post judgment interest, attorney fees, costs and any other different or additional relief as may be just through law or equity.

Respectfully submitted by:

WAGNER & WAGNER,
4401 N. Classen Blvd., Ste. 100
Oklahoma City, OK 73118-5038
(405) 521-9499, (Fax) 521-8994
(e-mail)  rjw@wagnerfirm.com

*s/ Robert J. Wagner*

By:_____
    Robert J. Wagner, OBA #16902
    Jon J. Gores, OBA #31068
    Attorney for Plaintiff
    MARIA MERCEDES PADILLA

ATTORNEY'S LIEN CLAIMED